# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VERISIGN, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>XYZ.com, LLC, *et al*<br><br>    Defendants,<br><br>**Re Non-Party Subpoenas to:**<br><br>    KEY BRAND ENTERTAINMENT, INC.,<br>        and<br>    KBE GTLD Holding, Inc.<br><br>    Respondents.<br><br>**Underlying Case No. 1:14-cv-01749-CMH-MSN**<br>United States District Court<br>Eastern District of Virginia | Case No. 1:15-mc-00175-RGA<br><br><br>ORAL ARGUMENT REQUESTED |

**VERISIGN, INC.'S ANSWERING BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO QUASH NONPARTY SUBPOENAS TO NONPARTIES KEY BRAND ENTERTAINMENT, INC. AND KBE GTLD HOLDING, INC. UNDER RULE 45 OF THE FEDERAL RULES OF CIVIL PROCEDURE AND INCORPORATED <u>MEMORANDUM OF LAW</u>**

Dated: July 16, 2015

Of Counsel:

Randall K. Miller
Nicholas M. DePalma
Kevin W. Weigand
VENABLE LLP
8010 Towers Crescent Drive, Suite 300
Tysons Corner, Virginia  22182

Jamie L. Edmonson (No. 4247)
VENABLE LLP
1201 North Market Street, Ste. 1400
Wilmington, Delaware 19801
Phone:  (302) 298-3535
Fax:  (302) 298-3550
jledmonson@venable.com

*Counsel to Plaintiff VeriSign, Inc.*

i

**TABLE OF CONTENTS**

STATEMENT OF NATURE AND STAGE OF PROCEEDINGS ............................................... 1

SUMMARY OF ARGUMENT ........................................................................................... 1

ARGUMENT ...................................................................................................................... 2

I.   THE SUBPOENAED DOCUMENTS HAVE ALREADY BEEN PRODUCED TO VERISIGN IN A DIFFERENT CASE ............................................................................. 2

II.  THE SUBPOEANED PARTY HAS NOT OBJECTED ..................................................... 3

III. A TWO-TIERED PROTECTIVE ORDER IN THE UNDERLYING VIRGINIA FEDERAL ACTION ADDRESSES ANY CONCERNS ABOUT ALLEGED "TRADE SECRETS" (TO THE EXTENT ANY EXIST) .................................................................. 3

IV.  DEFENDANTS' OWN DISCOVERY REQUESTS PROVE THAT THE REQUESTED INFORMATION IS "RELEVANT" TO THE UNDERLYING CASE ............................. 4

V.   ARGUMENTS ABOUT AN ALLEGED "PATTERN AND PRACTICE" ARE UNSUPPORTED AND FRIVOLOUS. ........................................................................... 4

CONCLUSION .................................................................................................................... 6

## TABLE OF CITATIONS

**Cases**

*Cipollone v. Liggett Group,* 113. F.R.D. 86 (D.N.J. 1986) .............................................................. 3

*Dixon v. Greyhound Lines, Inc.,* No. CIV.A. 13-179-JWD, 2014 WL 6474355, at *1 (M.D. La. Nov. 19, 2014) ............................................................................................................... 3

*Sneirson v. Chem. Bank*, 108 F.R.D. 159 (D. Del. 1985) ................................................................ 3

**Rules**

Rule 7.1.1 of the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware ............................................................................................... 2

Plaintiff, VeriSign, Inc. ("Verisign"), by counsel, submits this Opposition to Defendants' Motion to Quash Nonparty Subpoenas to Nonparties Key Brand Entertainment, Inc. and KBE gTLD Holding, Inc. (D.I. No. 1-4).

### STATEMENT OF NATURE AND STAGE OF PROCEEDINGS

This is a miscellaneous matter involving a motion to quash a non-party subpoena issued by Verisign to Key Brand Entertainment, Inc. and its affiliate KBE gTLD Holding Inc. (collectively "KBE") for documents necessary for a case pending in the Eastern District of Virginia, *Verisign Inc. v. XYZ.COM, LLC et al*, Case No. 1:14-cv-1749 (the "underlying matter").

On July 2, 2015, the Defendants in the underlying matter – not KBE, the recipients of the subpoena – filed a Motion to Quash, asserting that the subpoenaed documents are irrelevant and fail to allow reasonable time to comply. (D.I. No. 1-4). KBE has not filed an objection or Motion to Quash. The Motion was filed on July 2, 2015, and Verisign now files an opposition.

In the underlying matter, Verisign alleges that Defendants XYZ.COM, LLC and Daniel Negari violated the Lanham Act making false statements in commercial advertising causing competitive injuries. Under the scheduling order, the parties must complete all discovery by Friday, August 14, 2015.

### SUMMARY OF ARGUMENT

The motion should be denied because the documents have already been produced to another law firm representing Verisign in a state court proceeding ("the Virginia state action"), and the subpoena simply seeks a ***copy of the same documents already produced***. Both the state and federal court actions in Virginia involve allegations that Negari and XYZ are competing unfairly and causing competitive injuries.

1

KBE stands ready to produce and has not objected.  Had the movant taken a minute to call Verisign's counsel (Defendants' counsel was already engaged in conversations at the same time about other matters in the underlying case), Verisign would have explained the circumstances and averted the need for this motion.

Additionally, any concern regarding trade secrets is addressed by a Protective Order in the underlying matter, and the relevance of the documents is established by the fact that Defendants have served discovery on Plaintiff in the underlying action that also seeks communications and documents relating to KBE.

## ARGUMENT

### I. THE SUBPOENAED DOCUMENTS HAVE ALREADY BEEN PRODUCED TO VERISIGN IN A DIFFERENT CASE

As set forth in the Declarations of Nicholas M. DePalma and Timothy B. Hyland, the Subpoena calls for the production of documents in the underlying matter that KBE has already produced to Verisign in a Virginia state court action.  DePalma Decl. ¶¶ 5-6; Hyland Decl. ¶¶ 4-5.  In the state court action, there is a pending motion to add Negari and XYZ as defendants. Hyland Decl. ¶ 3. Both the state and federal court actions in Virginia involve allegations that Negari and XYZ are competing unfairly and causing competitive injuries.  *See id*.

Movant's failure to meet and confer prior to filing, as required by Rule 7.1.1 of the Local Rules of this Court, apparently deprived movants of this crucial information and should be sufficient grounds alone for denying this Motion.  Additionally, allowing KBE to produce the documents for use in parallel litigation between the same parties creates efficiencies and avoids duplicative discovery requests.  *See Cipollone v. Liggett Group,* 113. F.R.D. 86, 91 (D.N.J. 1986) (discussing the "collaborative use of discovery" in parallel actions).

2

## II. THE SUBPOENAED PARTY HAS NOT OBJECTED

The Motion to Quash has not addressed the fact that it is brought on behalf of Negari and XYZ – which are ***not the subpoenaed parties***. The Motion also does not substantiate, or even mention, the issue of what standing to sue Negari and XYZ may have in relation to the Subpoena. "Ordinarily, a party has no standing to object to discovery of a nonparty." *Sneirson v. Chem. Bank*, 108 F.R.D. 159, 160 n.2 (D. Del. 1985) (compelling production of documents from subpoenaed party).

It is notable that the subpoenaed party (KBE) has not objected, and has, in fact, agreed to produce the same documents that are already produced to Verisign in the Virginia state action. KBE represented to Verisign's counsel that it had all of the documents available on a thumb drive and simply was going to send a copy of the thumb drive to Verisign's counsel. DePalma Decl. ¶¶ 6-7. For that reason, Verisign's subpoena called for the production of documents in a shorter time period than it might otherwise request, and KBE consented.[1] *Id.*

## III. A TWO-TIERED PROTECTIVE ORDER IN THE UNDERLYING VIRGINIA FEDERAL ACTION ADDRESSES ANY CONCERNS ABOUT ALLEGED "TRADE SECRETS" (TO THE EXTENT ANY EXIST)

Movants make a wholly unsubstantiated claim that the requested information contains "trade secret" information. Leaving aside the lack of substantiation for this argument, even if the requested documents contain proprietary or other trade secret information, Movants are fully protected by the two-tier Protective Order that they voluntarily entered and submitted to the Court in the federal action. *See* DePalma Decl. ¶ 13 (attaching protective order as Exhibit A).

---

[1] Thus, any claims by Defendants regarding relevance and burden should be stricken. *See also Dixon v. Greyhound Lines, Inc.,* No. CIV.A. 13-179-JWD, 2014 WL 6474355, at *1 (M.D. La. Nov. 19, 2014) ("Despite Defendants' objections, as a party to this lawsuit, they 'cannot challenge a Rule 45 subpoena directed to a third party on the basis ... that the subpoena is overly broad, or that the subpoena seeks information that is irrelevant.'").

3

Thus, there is no risk that any confidential or proprietary information will be disclosed in a way that results in competitive harm. Movants inexplicably do not even mention the existence of the Protective Order in the underlying Virginia Federal Court action, even though it is directly relevant to their argument based on trade secrets.

## IV. DEFENDANTS' OWN DISCOVERY REQUESTS PROVE THAT THE REQUESTED INFORMATION IS "RELEVANT" TO THE UNDERLYING CASE

Verisign's counsel in the Virginia state court action has already determined that the KBE documents are relevant to the underlying case. Hyland. Decl. ¶¶ 3-4. The documents support Verisign's argument that Movants are competing unfairly against Verisign resulting in the same type of competitive harm alleged in the underlying case. Ironically, Movants actually have *propounded their own discovery about KBE in the underlying case*. *See* DePalma Decl., at Exhibit B. Four of movants' discovery requests broadly seek communications and agreements with KBE, belying the merits of their claim that the information sought by Verisign is irrelevant.[2]

## V. ARGUMENTS ABOUT AN ALLEGED "PATTERN AND PRACTICE" ARE UNSUPPORTED AND FRIVOLOUS.

Movants finally argue that Verisign has engaged in a "persistent use of non-party subpoenas" in the underlying case that violates "due process." Motion at 8. No facts or case

---

[2] *See, e.g.,* Request No. 142, served on July 13, 2015 ("Each settlement agreement, including exhibits, materials incorporated by reference, and all drafts to which both You and KBE gTLD Holding, Inc. have been or are parties."); Request No. 143, served on July 13, 2015. ("All communications between You and KBE gTLD Holding, Inc. relating to any settlement agreement to which You are both parties."); Defs.' Third Set of Requests for Production, Request No. 144, served on July 13, 2015 ("All communications between you and KBE gTLD Holding, Inc. with the term 'xyz'"); Defs.' Third Set of Requests for Production, Request No. 145, served on July 13, 2015 ("All communications between You and KBE gTLD Holding, Inc. with the term 'negari'").

authority is cited for this adventuresome argument. In any event, any such concern about a "pattern" regarding other subpoenas is not before this Court, and if there was any basis for such a complaint, it should properly be brought to the attention of the Court in the underlying Virginia federal court action. XYZ and Negari have never done so.

       To the contrary, the Court in the underlying case actually has found that Defendant Negari has engaged in a "very intentional effort" to obstruct discovery – the Court was "appalled" by the way Negari evasively answered deposition questions, and the Judge stated that if "Mr. Negari persists in this kind of behavior, the next hearing will be with Mr. Negari here and I will place him under oath and will decide what sanctions to impose." DePalma Decl., at Exhibit C. Thus, the Court should reject any claims by Movants that Verisign's issuance of the Subpoenas violates due process when they are the ones that are violating the discovery rules as the Court overseeing these parties has determined.

**CONCLUSION**

For the foregoing reasons, XYZ and Negari's Motion to Quash should be denied so that KBE can proceed with its agreement to produce in the Virginia federal action the very same documents that it already has produced to Verisign in the Virginia state court action.

Dated:  July 16, 2015                      /s/ *Jamie L. Edmonson*
                                           Jamie L. Edmonson (No. 4247)
                                           VENABLE LLP
                                           1201 N. Market Street, Suite 1400
                                           Wilmington, Delaware 19801
                                           Phone:  (302) 298-3535
                                           Facsimile:  (302) 298-3550
                                           jledmonson@venable.com

                                                   -and-

                                           Randall K. Miller (*to be admitted pro hac vice*)
                                           Nicholas M. DePalma (*to be admitted pro hac vice*)
                                           Kevin W. Weigand (*to be admitted pro hac vice*)
                                           VENABLE LLP
                                           8010 Towers Crescent Drive, Suite 300
                                           Tysons Corner, VA 22182
                                           Phone: (703) 905-1404
                                           Facsimile: (703) 821-8949
                                           rkmiller@venable.com
                                           nmdepalma@venable.com
                                           kwweigand@venable.com

                                           *Counsel to Plaintiff VeriSign, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of July, 2015, I electronically filed the foregoing Opposition to Motion to Quash using the CM/ECF system. Participants in the case are registered CM/ECF users and service will be accomplished by the CM/ECF System:

>Kenneth L. Dorsney (I.D. #3726)
>MORRIS JAMES LLP
>500 Delaware Avenue, Suite 1500
>Wilmington, DE 19801
>(302) 888-6800
>kdorsney@morrisjames.com
>
>Attorneys for Defendants XYZ.com, LLC and
>Daniel Negari

and served via electronic mail on:

>Derek A. Newman (to be admitted *pro hac vice)*
>Derek Linke (to be admitted *pro hac vice)*
>NEWMAN DU WORS LLP
>2101 Fourth Avenue, Suite 1500
>Seattle, WA 98121
>(206) 274-2800
>dn@newmanlaw.com
>linke@newmanlaw.com
>
>Attorneys for Defendants XYZ.com, LLC and
>Daniel Negari

>>*/s/ Jamie L. Edmonson*
>>Jamie L. Edmonson