**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| Verisign, Inc., *Plaintiff*, v. XYZ.com, LLC and Daniel Negari, *Defendant*. | **Case No. 1: 15-mc-00175-RGA** |

**REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO QUASH
NONPARTY SUBPOENAS TO NONPARTIES KEY BRAND
ENTERTAINMENT, INC. AND KBE GTLD HOLDING, INC. UNDER RULE 45
OF THE FEDERAL RULES OF CIVIL PROCEDURE**

Dated: July 27, 2015

Kenneth L. Dorsney (I.D. #3726)
Mary B. Matterer (I.D. #2696)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, Delaware 19801
(302) 888-6800
kdorsney@morrisjames.com

**ATTORNEYS FOR DEFENDANTS
XYZ.COM, LLC AND DANIEL NEGARI**

# I. Introduction

Plaintiff Verisign seeks Defendant XYZ's trade-secret business information from third-party KBE. The information sought has no bearing on the Eastern District of Virginia lawsuit Verisign brought against XYZ. That lawsuit revolves around alleged false-advertising claims that XYZ's <.xyz> domain is superior to Verisign's <.com> domain. The requested information relates to business deals about other domains like <.theater> and <.protection>—information useful to compete against XYZ, but with no relation to the lawsuit.

Verisign makes no effort to explain why the requested information is discoverable. Instead, Verisign claims that because the information was already produced in a totally unrelated state-court lawsuit to which XYZ is not a party, and the subpoenaed company does not object, this Court should overlook the federal rules and order production. The Subpoenas should be quashed.

# II. Argument

## A. The Subpoenas seek nondiscoverable information.

Verisign bears the burden of proving that the requested information is "relevant and material to the allegations and claims *at issue in the proceedings*.'" *Kingsway Fin. Servs., Inc. v. Pricewaterhouse-Coopers LLP*, No. 03 Civ 5560(RMB)(HBP), 2008 WL 4452134, at *4 (S.D.N.Y. Oct. 2, 2008)(emphasis added.) Instead of doing so, Verisign claims that "Verisign's counsel in the *Virginia state court action* has already determined that the KBE documents are relevant to the underlying case." Opposition at 4 (emphasis added.) Verisign concludes that "[t]he documents support Verisign's argument that Movants are competing unfairly against Verisign resulting in the same type of competitive harm alleged in the underlying case." *Id.*

But the "underlying case" isn't the Virginia state-court action. As Verisign admits, XYZ isn't even a party to the Virginia state-court action. (Opposition at 2.) The underlying case is the Eastern District of Virginia action, which raises a few narrow allegations related to false

advertising about XYZ's <.xyz> domains, *not* the totally separate top-level domains that are discussed in the Subpoenas.

Verisign's reliance on *Cipollone v. Liggett Grp., Inc.*, 113 F.R.D. 86, 88 (D.N.J. 1986) in support of its argument that the Court should order disclosure because the documents were part of discovery in another matter is misplaced. *Cipollone* evaluated the propriety of a protective order preventing disclosure of non-confidential information in a tobacco-liability case. The *Cipollone* court held that the possibility of use in other litigation was not a good-cause basis to seal otherwise public information. Those concerns are not at issue here. Verisign isn't trying to use publicly-available information in an unrelated litigation. Nothing prevents it from doing so. Instead, Verisign is trying to do an end-run around confidentiality protections in the underlying case and the Virginia state-court action by subpoenaing information from a third party rather than seeking it directly from XYZ.

Verisign's statement that the documents relate to the "same type of competitive harm" is confusing. (Opposition at 2.) The competitive harm alleged in the underlying case is false advertising about the <.xyz> domain. The requested documents relate to business deals and communications between Verisign and third parties about other domains. If Verisign believes that those business deals somehow resulted in unfair competition, Verisign must amend its complaint. Verisign provides nothing more than bald conclusion that the documents are discoverable in this case, and the Court should quash the Subpoenas.

Verisign also claims that because XYZ sought information related to subpoenaed party KBE in the underlying action all KBE information is discoverable. (Opposition at 4.) But XYZ sought a narrow range of information related to the <.xyz> domain and settlement agreements that might affect this case. (Opposition at 4 n. 2.) XYZ only did so after learning about the

Subpoenas in order to determine if there was any basis for them. Verisign, by contrast, seeks business information about completely unrelated domains and deals that would aid Verisign competitively—but do not relate to the underlying case.

**B.     The Subpoenas fail to protect XYZ's trade-secret information and should be quashed or modified.**

Verisign claims that the Court may ignore XYZ's interests because subpoenaed-party KBE does not object to production. But KBE's trade secrets are not at issue. XYZ's are. This Court may quash any subpoena that requires disclosure of privileged or other protected matter. Fed. R. Civ. P. 45(d)(3)(A)(iii); see also Fed. R. Civ. P. 45(d)(3)(B)(i). Verisign does not deny that the information sought is confidential. But Verisign claims that the protective order entered in the underlying action protects XYZ's interests. This is disingenuous, because Verisign demanded that KBE produce this sensitive information directly to Verisign, without any opportunity for XYZ to review or designate any of the materials as protected. Under Verisign's proposed course of action, third-party KBE will be left to determine what protection (if any) XYZ's trade secrets and confidential information will receive.

The Subpoenas should be quashed. But if they are not quashed, KBE should be ordered to produce all materials to XYZ before producing them to Verisign to allow XYZ a reasonable opportunity to designate particular documents as confidential or attorney's eyes only before Verisign obtains them.

**C.     The Subpoenas failed to allow a reasonable time to comply and are therefore void.**

The Subpoenas allowed only one business day to comply. Verisign claims that it may ignore Rule 45's reasonable-time requirements because subpoenaed party KBE has already produced the same or similar documents in a state-court lawsuit. But Rule 45 is designed to protect more than just KBE. *In re Rule 45 Subpoena Issued to Cablevision Sys. Corp. Regarding*

- 3 -

*IP Address 69.120.35.31*, No. 08-347 ARR MDG, 2010 WL 2219343, at *5 (E.D.N.Y. Feb. 5, 2010) report and recommendation adopted in part, No. 08MC347 ARR MDG, 2010 WL 1686811 (E.D.N.Y. Apr. 26, 2010). For example, in *In re Rule 45 Subpoena*, the court found that a subpoena to Cablevision demanding the IP address of a Cablevision subscriber within seven days provided insufficient time to comply. The court noted that even though Cablevision did not object, the subscriber had a right to protect his or her privacy and needed adequate time to prepare his motion to quash.

Generally, 14 days is an adequate time to respond. *In re Rule 45 Subpoena to Fidelity Nat'l Info. Servs., Inc.*, No. 3:09–mc–29–J–25TEM, 2009 WL 4899399, at *1 (M.D.Fla. Dec. 11, 2009) (citing *McClendon v. TelOhio Credit Union, Inc.*, No. 2:05–CV–1160, 2006 WL 2380601 (S.D.Oh. Aug. 14, 2006)); *Biological Processors of Alabama, Inc. v. North Georgia Environmental Services, Inc*., Mis. Action No. 09–3673, 2009 WL 2160984, *3 (E.D.La. July 15, 2009) (citing cases). In fact, one of the reasons that Rule 45(c)(1)(A) was amended in 1991 was to lengthen the time to object from ten days to fourteen. *See* Fed.R.Civ.P. 45 advisory committee's note.

Verisign allowed only one business day for XYZ to file a motion to quash, evidently hoping to get unfettered access to XYZ's trade-secret materials. This is gamesmanship at its worst.

**D.     XYZ has standing to object to the Subpoenas.**

Citing *Sneirson v. Chem. Bank,* 108 F.R.D. 159, 160 n.2 (D. Del. 1985), Verisign claims that XYZ does not have standing to object to the Subpoenas because XYZ is not the subpoenaed party. Verisign misrepresents *Sneirson*. *Sneirson* holds that a litigant does not have standing unless the litigant has "some personal right or privilege in respect to the subject matter of a subpoena duces tecum directed to a nonparty." *Sneirson,* 108 F.R.D. at 160 n.2. XYZ asserts

- 4 -

personal rights and privileges to its confidential business information, and thus has standing.

Verisign also makes the confusing argument that because the documents have already been produced in the Virginia state-court action, they should be released here. As an initial matter, XYZ has no means of determining whether this is true. Although Verisign's attorney submitted a declaration claiming that the same materials have already been released, that attorney has not yet reviewed the information KBE will produce and thus has no personal knowledge of what the production will or will not contain. And XYZ has no access to the state-court materials because it was not a party to that litigation and Verisign has not provided any courtesy copies for review or verification of Verisign's claims.

But even if Verisign's claim that it already has the documents in a different state-court matter is true, Verisign cites no authority that this unrelated litigation should have any effect whatsoever on this Court's determination. There is no collateral estoppel to a state court subpoena in a different matter. And XYZ has demonstrated why the Subpoenas should be quashed—they seek information that is not discoverable in this litigation, but is instead about unrelated business deals.

**E.   A conference is not required before filing a miscellaneous action under Rule 45.**

Verisign claims that the court should deny XYZ's motion because the parties did not meet and confer before it was filed. But a conference is only required for a Rule 37 discovery motion, not a Rule 45 miscellaneous action to quash a subpoena. Fed.R.Civ.P. 37(a)(1); Fed.R.Civ.P. 45(d)(3). And even if a conference was required, Verisign's unreasonable time to comply made a meet-and-confer impossible. Verisign served the subpoena immediately before the July 3 holiday and the weekend, leaving XYZ with one business day to prepare a motion to quash.

### III.  Conclusion

Verisign is misusing its subpoena authority to garner business secrets from its competitor. Verisign did not demonstrate why the requested information is discoverable. Instead, Verisign relies on bald conclusion, an unfairly short time to respond, and irrelevant information about a state-court action to which XYZ is not a party. The Subpoenas should be quashed.

Dated: July 27, 2015                                      By:  */s/ Kenneth L. Dorsney*
                                                                    Kenneth L. Dorsney (I.D. #3726)
                                                                    Mary B. Matterer (I.D. #2696)
                                                                    MORRIS JAMES LLP
                                                                    500 Delaware Avenue, Suite 1500
                                                                    Wilmington, Delaware 19801
                                                                    (302) 888-6800
                                                                    kdorsney@morrisjames.com

                                                                    **ATTORNEYS FOR DEFENDANTS**
                                                                    **XYZ.COM, LLC AND DANIEL NEGARI**