# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VERISIGN, INC., | : |
| Plaintiff, | : |
| v. | : C.A. No. 15-mc-175-RGA-MPT |
| XYZ.COM, LLC and DANIEL NEGARI, | : |
| Defendants. | : |

## MEMORANDUM ORDER

### I. INTRODUCTION

This miscellaneous action is brought by XYZ.com, LLC ("XYZ") and Daniel Negari ("Negari") (collectively, "defendants") through their filing of a motion to quash subpoenas served by plaintiff Verisign, Inc. ("Verisign" or "plaintiff") in a false advertising action under 15 U.S.C. § 1125(a)(1)(B) of the Lanham Act pending in the United States District Court for the Eastern District of Virginia (the "Virginia Federal Action").[1]

### II. BACKGROUND

Verisign's subpoenas seek several categories of information from Key Brand Entertainment, Inc. and its wholly-owned subsidiary, KBE gTLD Holding, Inc. (collectively, "KBE").[2] On July 2, 2015, XYZ and Negari moved to quash the subpoenas to KBE.[3] Verisign filed its opposition brief on July 16, 2015.[4]

---

[1] D.I. 1.
[2] KBE is another domain registry operator. D.I. 2 at 4
[3] D.I. 1.
[4] D.I. 5.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 26(b)(1) defines the permissible scope of discovery, which also applies to a Rule 45 subpoena.[5] Rule 26(b)(1) provides that discovery encompasses "any nonprivileged matter that is relevant to any party's claim or defense." Relevance is not measured by whether the discovery is admissible, but rather if the information "bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."[6] Federal courts construe relevancy under Rule 26 broadly.[7] The "relevance" standard, however, does not apply to nonparties.[8] "To obtain discovery from a nonparty, a party must demonstrate that its need for discovery outweighs the nonparty's interest in nondisclosure."[9]

Federal Rule of Civil Procedure 45(d)(3) governs motions to quash or modify a subpoena. A court must quash or modify a subpoena that either fails to allow a reasonable time to comply or requires disclosure of privileged or other protected matter, if no exception or waiver applies.[10] A court may also quash or modify a subpoena if the subpoena requires "disclosing a trade secret or other confidential research, development, or commercial information . . . ."[11]

---

[5] Fed. R. Civ. P. 45(d) Advisory Committee's Note to 1970 amendment; *see also Malibu Media, LLC v. John Does 1-18*, C.A. No. 12-07789 (KM) (MCA), 2014 WL 229295, at *8 (D.N.J. Jan. 21, 2014) (citing *Transcor, Inc. v. Furney Charters, Inc.*, 212 F.R.D. 588, 591 (D. Kan. 2003)).
[6] *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).
[7] *Id.*; *see also Daval Steel Prods. v. M/V Fakredine*, 951 F.2d 1357, 1367 (2d Cir. 1991).
[8] *Dart Indus. Co. v. Westwood Chem. Co.*, 649 F.2d 646, 649 (9th Cir. 1980); *Laxalt v. McClatchy*, 116 F.R.D. 455, 458 (D. Nev. 1986) ("The standards for nonparty discovery . . . require a stronger showing of relevance than for simple party discovery.")
[9] *R. Prasad Indus. v. Flat Irons Envtl. Solutions Corp.*, No. CV-12-08261, 2014 WL 2804276, at *2 (D. Ariz. June 20, 2014) (citations omitted).
[10] Fed. R. Civ. P. 45(d)(3)(A)(i), (iii).
[11] Fed. R. Civ. P. 45(d)(3)(B)(i).

**III.    Defendants' Motion to Quash**

Defendants moved to quash the subpoenas to the two nonparties, collectively KBE, and object to all five of the requested categories of documents:

1. All non-privileged documents related to the sale of the .THEATRE top level domain name and communications with Defendants XYZ.COM, LLC and Daniel Negari relating to or arising therefrom.

2. Any agreements between KBE and XYZ related to the .THEATRE top level domain.

3. Any agreement between KBE and CentralNic related to the .THEATRE top level domain.

4. Any written communications between KBE and XYZ that reference Verisign.

5. Any written communications between KBE, and XYZ, referencing .PROTECTION or .SECURITY.[12]

Citing FED. R. CIV. P. 45(d), defendants argue the subpoenas should be quashed because the subpoenas (i) fail to allow for a reasonable time to comply; (ii) seek information that constitutes confidential information and trade secrets; (iii) seek information that is not relevant to plaintiff's lawsuit; and (iv) are part of a pattern and practice by plaintiff to avoid the due process protections afforded by the civil discovery rules.[13]

In opposing defendants' motion to quash, plaintiff argues that (i) the same documents were already produced by KBE to another law firm representing plaintiff in a state court proceeding (the "Virginia State Action"); (ii) defendants do not have standing to object to a third-party subpoena and KBE "stands ready to produce and has not

---

[12] D.I. 2 at 3-4; D.I. 4 at Exs. B-1, B-2.
[13] D.I. 2 at 5.

objected"; and (iii) there is a protective order in the Virginia Federal Action that covers any trade secret concerns.[14]

**ANALYSIS**

As a threshold matter, defendants' objections, in the form of their motion to quash, were timely filed. Plaintiff served the subpoenas on KBE on July 1, 2015, and the time specified for compliance was July 6, 2015.[15] Defendants filed their initial motion on July 2, 2015.[16]

### A. Defendants' Standing

As a preliminary matter, the court must decide whether defendants lack standing to challenge the subpoenas directed to a nonparty. "A motion to quash [a subpoena], or for a protective order, should be made by the person from whom the documents, things, or electronically stored information are requested."[17] A party generally lacks standing to quash a subpoena directed to a nonparty unless the party claims some personal right or privilege with regard to the documents sought.[18]

Defendants argue that they have standing because they have personal rights and privileges to their confidential business information. Courts have held that parties to a suit do not have standing to object to a subpoena if they are not the target of the subpoena.[19] Conversely, however, other courts have found that parties who claim

---

[14] D.I. 5 at 1-2.
[15] D.I. 2 at 3.
[16] D.I. 1.
[17] 9A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2463.1 (3d ed. 2008).
[18] *Haywood v. Hudson*, No. CV-90-9287 (CPS), 1993 WL 150317, at *4 (E.D.N.Y. Apr. 23, 1993).
[19] *In re Rhodes Cos., LLC*, 475 B.R. 733, 740 (D. Nev. 2012) ("The Court concludes that only the party subject to the subpoena may bring a motion to quash under Rule 45(c)(3)(A).") (citing *In re Yassai*, 225 B.R. 478, 480-82 (C.D. Cal. 1998)). As a result of the 2013 Amendment to Rule 45, subdivision (d) now contains the provisions formerly in

privilege or a personal right in the subpoenaed information from a nonparty have standing to object.

Plaintiff maintains that because KBE has not objected and has agreed to produce the requested documents, defendants' motion should fail.[20]  Plaintiff also asserts that defendants' claim of privilege is "wholly unsubstantiated," but acknowledges that "if the requested documents contain proprietary or other trade secret information," then defendants are protected by a protective order in the underlying action, which would mean that they do have a right or privilege to the subpoenaed documents.[21]

In their motion to quash, however, defendants allege that the subpoenas request documents between defendants[22] and KBE, who has worked closely with defendants on business transactions, and require the nonparties to disclose confidential information and trade secrets.[23]  These representations demonstrate sufficient interest in the requested documents to determine defendants' standing.

**Reasonable Time to Comply**

Defendants argue that plaintiff did not provide a reasonable time to comply with the subpoenas.  Specifically, they note the subpoenas require compliance within five days of the date of service on Monday, July 6.  One of those days, however, was a federal holiday (Friday, July 3) and July 4 and 5 fell on the weekend.

Plaintiff contends that KBE's counsel "represented to Verisign's counsel that it had all of the documents available on a thumb drive and simply was going to send a

---

subdivision (c).
[20] D.I. 7 at ¶¶ 3-10.
[21] D.I. 5 at 3.
[22] Both parties agree that defendants and plaintiff are competitors.  D.I. 2 at 7; D.I. 4 at Ex. A.
[23] D.I. 2 at 7.

5

copy of the thumb drive to Verisign's counsel."[24] On this basis, plaintiff argues the subpoenas call for a shorter production time, and KBE consented to the shortened time period.[25]

Rule 45(d)(3)(A)(i) states the issuing court must quash a subpoena that "fails to allow a reasonable time to comply."[26] Rule 45 does not define "reasonable time," but several courts have concluded fourteen days from the date of service as presumptively reasonable.[27] Federal courts have also found that seven days is "clearly unreasonable, particularly when the 14 day period for serving objections under Rule 45(c)(2)(B) is generally considered a reasonable time."[28] "On its face, the 14-day time period cannot be held to be unreasonable. Rather, reasonableness of the time allowed for compliance seems to be judged depending on the underlying circumstances."[29]

Here, although KBE has not objected and agreed to produce the requested documents in a shortened time period, the time allotted for compliance was unreasonable and effectively gave defendants one business day and a total of five days to seek protection of documents, in which they had a sufficient interest.

**Scope of the Requested Documents**

---

[24] D.I. 5 at 3; D.I. 7 at ¶¶ 6-7.
[25] D.I. 5 at 3.
[26] FED. R. CIV. P. 45(d)(3)(A)(i).
[27] *In re Rule 45 Subpoena Issued to Cablevision Sys. Corp. Regarding IP Address 69.120.35.31*, No. MISC 08-347 (ARR) (MDG), 2010 WL 2219343, at *5 (E.D.N.Y. Feb. 5, 2010) (collecting cases).
[28] *Hall v. Louisiana*, C.A. No. 12-657-BAJ-RLB, 2014 WL 1652791, at *13 (M.D. La. Apr. 23, 2014).
[29] *Freeport McMoran Sulphur, LLC v. Mike Mullen Energy Equip. Resource, Inc.*, C.A. No. 03-1496, 2004 WL 595236, at *9 (E.D. La. Mar. 23, 2004).

Defendants also move to quash the subpoenas because the documents sought are irrelevant to the underlying Virginia Federal Action and they request confidential, commercially valuable information, which include XYZ's trade secrets.[30]

Federal Rule of Civil Procedure 26(b)(1) governs the scope of discovery. It allows for the discovery of "any nonprivileged matter that is relevant to any party's claim or defense . . . ."[31] The Third Circuit has stated, "it is well recognized that the federal rules allow broad and liberal discovery."[32] "The party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings."[33] Discovery is not without limitations, however, and a court may place boundaries on discovery demands.[34]

Plaintiff maintains all five categories of documents are relevant to its claims for violations of the Lanham Act and should be produced because the court in the Virginia State Action has already determined that the KBE documents are relevant to that case.[35] Additionally, KBE does not seek relief from the subpoenas.[36] Defendants assert the subpoenas request information that is unrelated to the false advertising claim alleged in the Virginia Federal Action, because they are unrelated to defendants' statements to consumers.[37] Defendants further note most of the document requests are available from them without burdening third parties and unrelated courts.[38]

---

[30] D.I. 2 at 1-2, 6-8.
[31] FED. R. Civ. P. 26(b)(1).
[32] *In re MiMedx Grp. Sec. Litig.*, No. 15-84-RGA, 2015 WL 5445140, at *2 (D. Del. July 17, 2015) (citing *Pacitti v. Macy's*, 193 F.3d 766, 777-78 (3d Cir.1999)).
[33] *Night Hawk Ltd. V. Briarpatch Ltd.*, No. 03-cv-1382-RWS, 2003 WL 23018833, at *8 (S.D.N.Y. Dec. 23, 2003).
[34] *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 680 (N.D. Cal. 2006).
[35] D.I. 5 at 1, 4.
[36] *Id.* at 3.
[37] D.I. 2 at 7.
[38] *Id.* at 2.

Defendants also claim the subpoenas request confidential commercial information because they seek "all agreements and written communications about a commercial transaction of its competitor, XYZ . . . . [which] necessarily include highly confidential financial and sales information, costs and expenditures."[39] Because of the highly competitive nature of the industry, defendants maintain they will sustain irreparable economic harm if KBE produces these documents to their primary competitor.[40]

Plaintiff responds that it is not requesting any trade secret information, and defendants are adequately protected by the two-tier protective order entered in the Virginia Federal Action.[41]

A court *may* quash a subpoena if it seeks the disclosure of a trade secret or any other protected, confidential information. There is "no absolute privilege for trade secrets and similar confidential information."[42] The court, however, recognizes discretion should be exercised to avoid the unnecessary disclosure of confidential material.[43] Rule 45 authorizes a court to place certain conditions upon document production where the disclosure of a trade secret or other confidential business information is at issue, and the party seeking discovery demonstrates a substantial need for the information that cannot be satisfied without undue hardship.[44]

---

[39] *Id.* at 7.
[40] *Id.*
[41] D.I. 5 at 3; *see* D.I. 7-1. Plaintiff also emphasizes that defendants failed to identify the existence of the protective order in the underlying action in their opening brief.
[42] *Exxon Chem. Patents, Inc. v. Lubrizol Corp.*, 131 F.R.D. 668, 671 (S.D. Tex. 1990).
[43] *Triangle Ink and Color Co., Inc. v. Sherwin-Williams Co.*, 61 F.R.D. 634, 636 (N.D. Ill. 1974).
[44] FED. R. CIV. P. 45(d)(3)(B).

The moving party has the burden to establish that the information sought is a trade secret and that its disclosure might be harmful.[45] Disclosure to a competitor is presumptively more harmful than disclosure to a non-competitor.[46] If the moving party meets its burden of proof, then the burden shifts to the party seeking discovery to demonstrate that the requested information is both necessary and relevant.[47] The court then balances the need for the confidential information against the claim of injury resulting from their disclosure.[48] Discovery will be denied if the seeking party fails to show need or if the potential harm caused by the production outweighs the benefit, even if the requested documents are relevant.[49]

Plaintiff relies on *Cipollone* and that courts often decline to restrict access to discovery originally obtained in one case, as long as the original action was not commenced in bad faith to obtain discovery for other actions.[50] The *Cipollone* court reasoned that "requiring each plaintiff in every similar action to run the same gauntlet over and over again serves no useful purpose other than to create barriers and discourage litigation against the defendants."[51]

Plaintiff's reliance on *Cipollone*, however, is misplaced. The *Cipollone* case concerned nonconfidential discovery materials, which the defendants sought to keep from the public and the plaintiffs in similar litigation.[52] The court found that a party had

---

[45] *Exxon Chem.*, 131 F.R.D. at 671.
[46] *Echostar Commc'ns Corp. v. News Corp. Ltd.*, 180 F.R.D. 391, 395 (D. Colo. 1998).
[47] *Exxon Chem.*, 131 F.R.D. at 671.
[48] *Id.*
[49] *Mannington Mills, Inc. v. Armstrong World Indus., Inc.*, 206 F.R.D. 525, 529 (D. Del. 2002).
[50] *Cipollone v. Liggett Grp., Inc.*, 113 F.R.D. 86, 91 (D.N.J. 1986).
[51] *Id.* at 87.
[52] *Id.*

to demonstrate good cause for a protective order, which limited the flow of information to the public or other parties in similar cases.[53]

Defendants, in the instant matter, do not disagree with the finding in *Cipollone,* but maintain that plaintiff "is trying to do an end-run around confidentiality protections in the underlying case and the Virginia State Action by subpoenaing information from a third party rather than seeking it directly from XYZ."[54]

The court questions plaintiff's need to subpoena the first, second, fourth, and fifth categories of requested documents when production of these documents was potentially obtainable from defendants. If any issue arose regarding such production, it then could have been addressed by the court having more familiarity with the underlying matter.

To address defendants' concerns, however, production of the above categories is ordered under the "Attorney's Eyes Only" designation provided for in the protective order.[55] As for the third category of requested documents, the court finds there is no evidence that these documents contain trade secrets or confidential information of defendants.

## IV. ORDER

The court orders KBE to produce the categories of requested documents by December 21, 2015 consistent with the findings in this Memorandum Order.

Pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), FED. R. CIV. P. 72(a), and D. DEL. LR 72.1, any objections to this Memorandum Order shall be filed within fourteen (14)

---

[53] *Id.*
[54] D.I. 11 at 2.
[55] D.I. 7-1 at ¶ 2 and related provisions.

days limited to ten (10) pages after being served with the same. Any response is limited to ten (10) pages.

The parties are directed to the Court's Standing Order for Objections Filed under FED. R. CIV. P. 72 dated October 9, 2013, a copy of which is available on the Court's website, located at http://www.ded.uscourts.gov.

December 4, 2015          /s/ Mary Pat Thynge
                          CHIEF UNITED STATES MAGISTRATE JUDGE